F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 23 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ERIN E. ARGYRIS,

**C V 13   4698**

Plaintiff,

-against-

COMPLAINT

BIANCO,

RAYMOND J. TANTILLO, and NISSAN 112
SALES CORP.,

TOMLINSON, M

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The plaintiff, ERIN E. ARGYRIS, through her attorney, HARRY H. KUTNER, JR., complaining of the defendants, respectfully alleges:

JURISDICTION

1.     That this claim arises under the laws of the United States, particularly Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e - 2(a)(l), and the Equal Pay Act, 29 USC Chapter 8, along with pendent state tort claims.

2.     That this Court has jurisdiction over these claims under and by virtue of 28 USC § 1331 and pendent jurisdiction.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

3.     That on August 12, 2012, plaintiff filed a Title VII complaint with the EEOC, and on June 25, 2013, plaintiff was issued a notice of right to sue (Exhibit "1").

<u>JURY DEMAND</u>

4.     That plaintiff demands a trial by jury of all issues.

<u>PARTIES</u>

5.     That at all times hereinafter mentioned, the plaintiff was and still is a resident of Islip, County of Suffolk, State of New York, a citizen and person within the jurisdiction and entitled to the protection of the laws of the United States of America.

6.     That at all times hereinafter mentioned and upon information and belief, defendant, RAYMOND J. TANTILLO (hereinafter referred to as "Tantillo"), was a resident of Setauket, County of Suffolk, State of New York and a citizen of the United States of America.

7.     That at all times hereinafter mentioned and upon information and belief, defendant, NISSAN 112 SALES CORP. (hereinafter

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -2-

referred to as "Nissan 112"), was and still is a domestic corporation doing business in the State of New York.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Title VII: *guid pro quo* sexual harassment)

8.    That at all times hereinafter mentioned and upon information and belief, defendant, TANTILLO, was the chief executive officer of defendant, NISSAN 112.

9.    That at all times hereinafter mentioned and upon information and belief, defendant, NISSAN 112, employed fifteen or more persons.

10.    That at all times hereinafter mentioned, plaintiff was a person employed by defendant, NISSAN 112.

11.    That at all times hereinafter mentioned, defendant, TANTILLO, was the plaintiff's most senior and powerful boss.

12.    That at all times hereinafter mentioned, defendant, TANTILLO, held and exercised the power to determine the terms and conditions of plaintiff's employment.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

13.     That starting on or about late April, 2012 through August 13, 2012,  on numerous and repeated occasions, and as a persistent, constant, and unrelenting course of conduct, defendant, TANTILLO, engaged in a pattern of egregious sexual requests, advances, overtures and demands on plaintiff in return for sexual acts.

14.     That defendant, TORTILLO, in so acting, *de facto* and *de jure* wielded the authority of defendant, NISSAN 112.

15.     That defendant, TANTILLO's conduct consisted *inter alia* of:

<blockquote>

a.      originally plaintiff worked for defendants during a period between January - June, 2010, during which defendant, TANTILLO, made occasional remarks about plaintiff's appearance, but without any explicit sexual requests, advances, overtures or demands;

b.      in approximately late April through August 13, 2012, plaintiff again was employed by defendants, on this occasion as an "Owner Loyalty Manager;"

</blockquote>

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -4-

c.     soon after plaintiff's second employment began and on or about May 10, 2012, defendant, TANTILLO, began commenting inappropriately on her appearance, for example making repeated comments anytime plaintiff was within earshot of him as to "how hot she always looked;"

d.     plaintiff had to work in close proximity to defendant, TANTILLO, and typically would be in his company at least once per day;

e.     having been promised a higher title and an immediate promotion when she was hired, on or about May 13, 2012, plaintiff asked defendant, TANTILLO, when it would take place, and he lasciviously responded, "Not until you're a good girl and play nice," making it unmistakably clear that sexual favors were demanded for the promotion;

f.     beginning after the above initial promotion conversation, defendant, TANTILLO, stepped-up his harassment, and no longer made implicit remarks,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -5-

instead explicitly, boldly and unashamedly, on a near daily basis, demanding that plaintiff "Go down the street with me, have crazy sex, and then we'll talk about it (promotion) some more;"

g.    on several occasions in the latter half of May, 2012, defendant, TANTILLO, asked plaintiff to go into his private office bathroom, where he stated that he would "lock the door, and give her multiple orgasms;"

h.    on or about June 15, 2012, plaintiff spoke to the General Manager regarding the status of her promised promotion, and was told it was awaiting defendant, TANTILLO's "O.K.;"  plaintiff thereupon texted defendant, TANTILLO, asking him to finally approve the promotion; defendant, TANTILLO, soon called plaintiff into his office, physically backed her into a corner, and demanded, "If we fuck right now in my bathroom, I'll give you whatever you want!"; whereupon plaintiff stormed out of his office;

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -6-

i. on or about June 22, 2012, defendant, TANTILLO, approached plaintiff and invited her into his bathroom, again repeating his prior line that he would give her "multiple orgasms;"

j. on and between June 22 and July 15, 2012, defendant, TANTILLO, approached plaintiff and touched her on five or more occasions:

  1) plaintiff was in her office writing on the "lead" board, when he walked in and up behind her, squeezed her buttocks, and said, "I wish I could take you in my bathroom;"

  2) plaintiff was standing at the showroom podium speaking to another manager when he walked up behind her, sneakily pinched her buttocks, and then walked on;

  3) plaintiff was sitting at her desk working on her computer when he came into her

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

office, sat on her desk, and told her to lean over closer to him so he could see down her blouse;

4)    plaintiff was sitting at the showroom podium as he walked up to her, put his hand on her leg, and tried to slide it up her skirt;

5)    plaintiff was standing and he snuck up behind her and rubbed his genital area against her buttocks;

k.    frequently defendant, TANTILLO, when he was verbally or physically accosting plaintiff, would use the line, "think about your kids (then aged 12 and 9) and what you could give them if you'd just let me have you;"

l.    furthermore, defendant, TANTILLO, repeatedly texted plaintiff, asking what color panties she was wearing;

m.    on and between July 15 and August 13, defendant,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -8-

TANTILLO, stepped up his campaign to press plaintiff to have sexual relations with him, with repeated looks, cruder comments, and actions;

n.    on or about August 6, 2012, defendant, TANTILLO, in response to plaintiff's latest rejection of his sexual advances, told her that there was no chance she would go anywhere in the company, and would be stuck in the same low-paying job for the duration of her career unless she had sex with him; when plaintiff responded that his conduct was inappropriate and unfair because she was raising two boys by herself and needed the money, he increased his harassment by repeating his line that if she really loved her children enough she should just do it as "that is what many other girls here do, so what's the difference;" plaintiff told him she was not that type of person, was a mother and had integrity, and a smart, reliable and better-than-good employee who did not have to sleep with the boss to

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

get ahead; he still refused to drop the harassment, continuing it by arrogantly bragging that "Even Christina Pennisi, the Finance Manager, does it and look how much money she makes," to which plaintiff observed that Christina was not married, but defendant disagreed, stating, "No, you're wrong - we're both married, but that doesn't matter - she's doing what she needs to do to support her family. She knows the drill, keeps her mouth shut, and no one knows. If you say 'No,' and you mean it, you will *never* make close to what she makes. And if anyone finds out about this, *ever,* I will bury you and make sure you never work in the industry again;"  plaintiff still refused and left;

o.    on August 13, 2012, plaintiff resigned due to the foregoing;

p.    on August 25, 2012, plaintiff received an E-mail from "Christina" (Pennisi), labeled only "Christina;" mistakenly believing it was a friend of hers, the text

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

message asked her if she was "still working at Nissan 112," and plaintiff responded that she left due to sexual harassment;

approximately two minutes later, plaintiff received a telephone call from defendant, TANTILLO, screaming at the top of his lungs, demanding to know what she thought she was doing, if she was trying to ruin his life, and that she should be suing the General Manager, Robert Frazier, and not him, asking her what about his wife and family, demanding to know why she told Christina because Christina was his girlfriend, then threatening plaintiff that she had better keep quiet, alternatively asking, "What would make this go away;" plaintiff hung up on him;

q.   throughout plaintiff's employment, she observed that the women employees were pressured and succumbed to same, to wear business-inappropriate, sexually-suggestive attire of tight

Page -11-

blouses, short tight skirts, and high heels; plaintiff refused, and recommended to defendants that the women were inappropriately dressed, to which he responded, "But it's so nice to look at;" and

r.      even after plaintiff's employment ceased, defendants made false, scandalous, and outrageously malicious allegations accusing her of performing sex acts on fellow employees, to intimidate her from pressing this Title VII claim.

16.     That said conduct was engaged in implicitly and explicitly to obtain sexual gratification in return for promises of employment decisions favorable to plaintiff.

17.     That plaintiff rejected defendant, TANTILLO's requests, advances, overtures, and demands.

18.     That as a result of her rejection, plaintiff was denied promotion, pay raises, and other favorable employment conditions.

19.     That as a result of her rejection, plaintiff was subjected to

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

unfavorable retaliatory actions by defendants.

20.     That said conduct by defendant, TANTILLO, was outrageous and engaged in with malice toward plaintiff.

21.     That said conduct by defendant, TANTILLO, was *de facto* and *de jure* chargeable to defendant, NISSAN 112, by virtue of defendant, TANTILLO's executive corporate position and authority.

22.     That as a result of the foregoing, plaintiff is entitled to compensatory damages for lost pay and benefits.

23.     That a result of the foregoing, plaintiff is entitled to punitive damages.

24.     That as a result of the foregoing, plaintiff has suffered mental and emotional distress, lost income and other consequential employment damages.

25.     That as a result of the foregoing, plaintiff demands that judgment be entered against defendants for compensatory damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus punitive damages in

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus interest from May 10, 2012, and attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(Title VII: hostile work environment)

26.    That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" as though more fully set forth herein at length.

27.    That as a result of the foregoing, defendants' behavior was so pervasive, obsessive, unrelenting, and obnoxious that it created an intimidating, hostile, intolerable, and offensive work environment surrounding plaintiff.

28.    That as a result of the foregoing, plaintiff demands that judgment be entered against defendants for compensatory damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus punitive damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus interest from

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -14-

May 10, 2012, and attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

<u>AS AND FOR A THIRD CLAIM FOR RELIEF</u>
(Equal Pay violation)

29.    That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" as though more fully set forth herein at length.

30.    That upon information and belief, plaintiff was not paid compensation equivalent to male employees for the same duties, responsibilities, performance, experience, and skills.

31.    That plaintiff was underpaid because she was and is a female.

32.    That defendant, TANTILLO, demanded that plaintiff give him sexual favors in order to be equally compensated.

33.    That upon information and belief, defendant, TANTILLO, made no such similar demands from his male employees.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -15-

34.     That as a result of the foregoing, plaintiff demands that judgment be entered against defendants for compensatory damages in a sum equal to the difference in pay and other benefits plaintiff would and should have received, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus interest from May 10, 2012, and attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
(pendent state claim: NYSHRL, Executive Law § 296)

35.     That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" as though more fully set forth herein at length.

36.     That defendants' foregoing conduct constitutes violations of the New York State Human Rights Law, Executive Law § 296.

37.     That as a result of the foregoing, plaintiff demands that judgment be entered against the defendants for compensatory damages of FIVE MILLION ($5,000,000.00) DOLLARS, plus punitive damages of ONE MILLION ($1,000,000.00) DOLLARS, plus interest from May 10, 2012, plus

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

<u>AS AND FOR A FIFTH CLAIM FOR RELIEF</u>
(pendent state claim: intentional infliction)

38.    That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" as though more fully set forth herein at length.

39.    That defendant, TANTILLO's said conduct was designed and intended to cause plaintiff emotional distress.

40.    That defendant, TANTILLO's said conduct was so intended in order to force plaintiff to succumb to his sexual demands.

41.    That as a result of the foregoing, defendant, TANTILLO's conduct caused plaintiff to suffer severe emotional distress.

42.    That defendant, TANTILLO's conduct was malicious and outrageous.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

43.     That as a result of the foregoing, plaintiff demands that judgment be entered against defendants for compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
(pendent state claim: *prima facie* tort)

44.     That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" as though more fully set forth herein at length.

45.     That defendant, TANTILLO, acted without justification.

46.     That said conduct harmed plaintiff and caused her severe emotional distress.

47.     That as a result of the foregoing, plaintiff demands that judgment be entered against defendants for compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, plus punitive damages in

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -18-

the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

WHEREFORE, plaintiff, ERIN E. ARGYRIS, demands that judgment be entered against defendants on any or all of the claims for relief as follows:

a. as to the first and/or second claims for relief, for compensatory damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus punitive damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus interest from May 10, 2012, and attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper; and

b. as to the third claim for relief, for compensatory damages in a sum equal to the difference in pay and other benefits plaintiff would have and should have received, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus interest from May 10,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

2012, and attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

c.    as to the fourth claim for relief, for compensatory damages of FIVE MILLION ($5,000,000.00) DOLLARS, plus punitive damages of ONE MILLION ($1,000,000.00) DOLLARS, plus interest from May 10, 2012.

d.    as to the fifth and sixth claims for relief, for compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

e.    together with costs and disbursements; and

f.    for any such other and further relief which is just, equitable, and proper.

Dated:  Mineola, New York
        August 23, 2013

HARRY H. KUTNER, JR., ESQ.
(#K 69497)
Attorney for plaintiff
136 Willis Avenue
Mineola, New York  11501
(516) 741-1400
File # 163-4531

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Erin E. Argyris<br>1 Talcott Drive<br>East Northport, NY 11731 | From: | New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

RECEIVED
JUN 28 2013
HARRY H. KUTNER, JR.
ATTORNEY AT LAW

| ☐ | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No. | | EEOC Representative | Telephone No. |
| 520-2012-03343 | | **John B. Douglass,**<br>**Investigator** | **(212) 336-3765** |

(*See also the additional information enclosed with this form.*)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin Berry*      6/25/2013

Enclosures(s)         **Kevin J. Berry,**<br>**District Director**      (Date Mailed)

cc:     **NISSAN 112 SALES CORPORATION**<br>c/o Kimberly N. Dobson<br>**JACKSON LEWIS LLP**<br>58 South Service Road, Suite 410<br>Melville, NY 11747       Harry H. Kutner, Jr. , Esq.<br>**136 Willis Avenue**<br>**Mineola, NY 11501**

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)



 1. Place cover this side up top of first page of document. Staple as indicated.

 2. Lift bottom of cover up and over top, folding on top score line.

 3. Fold cover down behind paper on remaining score line.

Note: Address area on back middle panel appears in window in a No. 10 envelope.

2902 © 1995 Blumberg Excelsior, Inc.

---

STATE OF NEW YORK, COUNTY OF ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am

the attorney(s) of record for in the within

action: I have read the foregoing and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

..............................................................................
**The name signed must be printed beneath**

STATE OF NEW YORK, COUNTY OF ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the of

a corporation and a party in the within action, I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

..............................................................................
**The name signed must be printed beneath**

STATE OF NEW YORK, COUNTY OF ss.: (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On I served the within

☐ **Service By Mail** by mailing a copy of each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.